UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAINTERS' DISTRICT COUNCIL NO. 30, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, <br><br> Plaintiff, <br><br> v. <br><br> SELLERGREN BROS., INC. and MICHAEL SELLERGREN d/b/a SELLERGREN BROS., INC., <br><br> Defendants. | NO. 10 CV 4699 |

## ANSWER

Defendants, SELLERGREN BROS., INC. and MICHAEL H. SELLERGREN d/b/a SELLERGREN BROS., INC., by their attorneys, RIEBANDT & DEWALD, P.C., for their Answer to Plaintiff, PAINTERS' DISTRICT COUNCIL NO. 30, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO's, Complaint, state:

1. This is an action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking confirmation and enforcement of a labor arbitration award.

   **ANSWER:**

   **Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.**

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

**ANSWER:**

**Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint with respect to Sellergren Bros., Inc., but deny the allegation with respect to Michael Sellergren.**

3. Venue is proper in this district because the arbitration award was made in this judicial district and because Plaintiff and Defendant are located within this judicial district.

**ANSWER:**

**Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint with respect to Sellergren Bros., Inc., but deny the allegation with respect to Michael Sellergren.**

## PARTIES

4. Plaintiff Painters' District Council No. 30, International Union of Painters and Allied Trades, AFL-CIO ("Union") is a labor organization. The Union is an affiliate of the International Union of Painters and Allied Trades and has its business office at 1905 Sequoia Drive, Aurora, Illinois 60506.

**ANSWER:**

**Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.**

5. Sellergren Bros., Inc. ("SBI") was an Illinois corporation and an employer engaged in the construction painting industry in northeastern Illinois, until it was involuntarily dissolved by the Illinois Secretary of State effective May 15, 2010.

**ANSWER:**

**Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.**

6. At all material times until at least May 15, 2010, SBI was engaged in business in an industry affecting commerce within the meaning of Section 30 1(a) of the LMRA.

**ANSWER:**

**Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.**

7. Michael Sellergren ("Sellergren") is an individual and a resident of the state of Illinois. Sellergren was, on information and belief, SBI's sole shareholder, and, since May 15, 2010, he has continued to operate the business of SBI as a sole proprietorship called Sellergren Bros.

**ANSWER:**

**Defendants admit that Michael Sellergren is a resident of Illinois; and, deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.**

8. Sellergren is a successor and an alter ego to SBI within the meaning of the LMRA and has since May 15, 2010, been engaged in business in an industry affecting commerce with the meaning of Section 30 1(a) of the LMRA.

**ANSWER:**

**Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.**

## CLAIM FOR RELIEF

9. At all material times the Union and members of the Finishing Contractors Association of Illinois, an employer association ("FCAI" or "Association"), as well as other employers, have been signatories to a collective bargaining agreement with effective dates of May 1, 2008, through April 30, 2013 (the "Agreement").

>   **ANSWER:**
>
>   **Defendants are unable to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint as they lack sufficient knowledge to form a belief thereto as the agreement was not attached to the Complaint; and, therefore deny same.**

10. SBI became a member of the FCAI in October 2007, and SBI and/or Sellergren has been a member at all times since.

>   **ANSWER:**
>
>   **Defendants admit that SBI is a member of the FCAI; however, deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.**

11. SBI has been bound by a series of collective bargaining agreements with the Union since at least February 19, 2001, and has at all times since May 1, 2008, been bound by the Agreement.

>   **ANSWER:**
>
>   **Defendants are unable to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint as they lack sufficient knowledge to form a belief thereto; and, therefore deny same.**

12. As a successor and alter ego to SBI within the meaning of the LMRA, Sellergren is and has at all times since May 15, 2010, been bound by the Agreement.

>   **ANSWER:**
>
>   **Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.**

13. Article 14, Section 14.1 of the Agreement provides for dispute resolution through a grievance and arbitration procedure that originates with the Joint Trade Board (the "JTB"). The JTB consists of eight members, four appointed by the Union and four appointed by the Association.

**ANSWER:**

**Defendants are unable to admit the allegations contained in Paragraph 13 since the agreement is not attached to the Complaint; and, they do not have a copy. Therefore, they deny same.**

14. Section 14.4 of the Agreement provides that "[a]ny decision of the Joint Trade Board shall be final and binding and shall be enforceable as an arbitration award."

**ANSWER:**

**Defendants are unable to admit the allegations contained in Paragraph 14 since the agreement is not attached to the Complaint; and, they do not have a copy. Therefore, they deny same.**

15. Section 14.6 of the Agreement provides for the payment by any employer found by the JTB to have violated the Agreement of reasonable attorneys' fees incurred by any party to the Agreement in obtaining judicial enforcement of an award of the JTB.

**ANSWER:**

**Defendants are unable to admit the allegations contained in Paragraph 15 since the agreement is not attached to the Complaint; and, they do not have a copy. Therefore, they deny same.**

16. On or about January 27, 2010, the Union charged SBI with multiple violations of each of Sections 6.9, 9.3, 9.7, 13.1, 13.2, and 13.6 of the Agreement.

**ANSWER:**

**Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint.**

17. On about February 1, 2010, the Union sent SBI by both certified mail and first class mail notice of the charges along with notice that a hearing had been scheduled before the JTB on February 11, 2010, which notice SBI received.

5

**ANSWER:**

**Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Complaint.**

18. Pursuant to settlement discussions, SBI and the Union agreed that SBI's appearance before the JTB would be postponed until April 14, 2010. SBI had notice of the postponement and of the new hearing date and time.

**ANSWER:**

**Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.**

19. SBI and the Union did not reach a settlement, and on April 14, 2010, the JTB held a hearing on the charges against SBI. Despite receiving notice of the charges and the hearing date and time, SBI failed to appear at the hearing.

**ANSWER:**

**Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.**

20. Based upon the evidence presented, the JTB found that SBI had violated Article 6, Jobsite Reporting, ninety times; Article 9, reporting to Benefit Funds, a total of 684 times; and sections 13,1, 13.2, and 13.6, Bonding, Insurance Certificates, and Workers Compensation Certificate, ninety times each.

**ANSWER:**

**Defendants are unable to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint as they lack sufficient knowledge to form a belief thereto; and, therefore deny same.**

21. Pursuant to Section 14.6 of the Agreement, the JTB ordered SBI to pay a fine of $2,500 for each of these violations, for a total of $2,610,000.

**ANSWER:**

**Defendants are unable to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint as they lack sufficient knowledge to form a belief thereto; and, therefore deny same.**

22. The JTB's findings and award are final and binding.

**ANSWER:**

**Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.**

23. The Union notified SBI of the JTB's decision and award by letter dated April 20, 2010, which it sent by both first-class and certified mail and which SBI received.

**ANSWER:**

**Defendants admit the allegations contained in Paragraph 23 of Plaintiff's Complaint.**

24. As SBI's successor and alter ego, Sellergren is bound by the JTB's decision and award.

**ANSWER:**

**Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.**

25. As the sole shareholder receiving SBI's assets upon the company's dissolution and as SBI's successor and alter ego, Sellergren is personally liable for SBI's obligations as set forth in the JTB's decision and award.

**ANSWER:**

**Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.**

26. To date, neither SBI nor Sellergren has paid the fine assessed by the JTB in its Decision and Award or otherwise complied with the Decision and Award.

**ANSWER:**

**Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

**WHEREFORE,** Defendants, SELLERGREN BROS., INC. and MICHAEL H. SELLERGREN d/b/a SELLERGREN BROS., INC., request this Honorable Court to dismiss Plaintiff, PAINTERS' DISTRICT COUNCIL NO. 30, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO's, Complaint.

        SELLERGREN BROS., INC. and
        MICHAEL H. SELLERGREN d/b/a
        SELLERGREN BROS., INC.


        By: /S/LEE F. DEWALD
          Lee F. DeWald
          One of Their Attorneys


**RIEBANDT & DEWALD, P.C.**
1237 South Arlington Heights Road, P.O. Box 1880
Arlington Heights, Illinois 60006-1880
(847) 437-0303